1  Alan Goldberg (136988)
The Law Office of Alan Goldberg
2  5660 Etiwanda Ave. Suite 3
Tarzana, CA 91356
3  Office: (818) 921-2226
Fax: (818) 936-0345
4  alangoldberglaw@gmail.com

5  Eric J. Menhart (*Pending admission Pro Hac Vice*)
Lexero Law
6  316 F St NE, Suite 101
Washington, DC 20002
7  Office: (855) 453-9376
Fax: (855) 453-9376
8  Eric.Menhart@Lexero.com

9  Attorneys for Defendant Jeffrey Pavacic

10

UNITED STATES DISTRICT COURT

11

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

12

13  CABEAU, INC.      Case No. 2:16-cv-04584-SJO-GJS

14      **MOTION TO DISMISS OF DEFENDANT JEFFREY PAVACIC**

15  v.

16  JEFFREY PAVACIC, ET AL.

17

18

19

20

21

22

23

24

25

1

1    Defendant Jeffrey Pavacic ("Defendant") hereby moves to dismiss the

2    Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(3) and

3    Fed. R. Civ. P. 12(b)(6).

4    ## INTRODUCTION

5    Plaintiff's Complaint has numerous pleading errors that are incapable of

6    correction. First, Plaintiff improperly names an individual who has absolutely

7    nothing to do with any of the alleged conduct. Second, Defendant Pavacic could

8    never be properly subject to personal jurisdiction in California. The Complaint

9    fails to state a claim against Pavacic, personal jurisdiction is improper against

10   Defendant, and no amendment is possible that would cure the demonstrated errors.

11   Dismissal of Defendant is appropriate.

12   ## FACTUAL BACKGROUND

13   Defendant is a Certified Public Accountant and a resident of Virginia.

14   Pavacic Affidavit at ¶ 2, 3. Despite the allegations in Plaintiff's Complaint,

15   Defendant does not, personally, in his own name, offer any goods for sale on any

16   sales platform, online or offline. *Id.* at ¶ 4. He is, however, a member of J&A

17   Marketing LLC, which is a Limited Liability Company ("LLC"), not named as a

18   party in this case, that is an online vendor of various goods. *Id.* at ¶ 5.

19   Defendant is not personally authorized to do business in California, nor does

20   he have any offices, property, employees, personnel or agent for service of process

21   or for any other purpose in California. *Id.* at ¶ 6. Defendant has never owned any

22   bank accounts, security interests or any other types of assets in California. *Id.* at

23   ¶ 7. Defendant does not advertise any goods or services and has never contracted to

24   supply goods or services in California. *Id*. at ¶ 8, 9. Defendant has never caused

25

2

1    tortious injury by an act or omission in California. *Id*. at ¶ 10. Defendant does not

2    solicit business, engage in any other persistent course of conduct or derive

3    substantial revenue in California. *Id*. at ¶ 11. Defendant lives in Leesburg, Virginia,

4    approximately 2,600 miles from this Court. *Id*. at ¶ 12. Defendant has never had

5    any reason to believe that he would be named in a lawsuit in California. *Id* at ¶ 13.

6                                      **ARGUMENT**

7            Defendant Pavacic is a resident of Virginia. *Id.* at ¶ 2. Because Defendant is

8    not a resident of California, this Court must consider whether it possesses lawful

9    personal jurisdiction over Defendant.

10           **A. Standards of Review**

11           There is well-established case law addressing legal defenses raised under

12   Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

13           *1. Failure to State a Claim under Fed. R. Civ. P. 12(b)(6)*

14           According to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must state

15   a claim upon which relief may be granted. A court may dismiss a plaintiff's claim

16   if "it appears to a certainty that the claimant would be entitled to no relief under

17   any state of facts that could be proved." *Laxalt v. McClatchy*, 622 F.Supp 737, 740

18   (9th Cir. 1985). To withstand a motion to dismiss, a plaintiff's factual allegations

19   "must be enough to raise a right to relief above the speculative level." *Bell Atlantic*

20   *v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the

21   'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

22   and a formulaic recitation of the elements of a cause of action will not do." *Id.*

23   "[W]here the well-pleaded facts do not permit the court to infer more than the mere

24   possibility of misconduct, the complaint has alleged - but it has not show[n] that

25

3

1    the pleader is entitled to relief." *Ashcroft v. Iqbal*, 565 U.S. 662, 679 (2009)

2    (internal quotation marks omitted). Only a complaint that states a plausible claim

3    for relief will survive a motion to dismiss. *Id.* On a motion to dismiss, "the Court

4    presumes that the facts alleged by the claimant are true," but it is "the material

5    facts pleaded…and not the characterizations or conclusions drawn from them

6    which are entitled to a presumption of truth." *Laxalt*, 622 F.2d at 740 (citing *Halet*

7    *v. Wend Inv. Col.*, 672 F.2d 1305, 1309 (9th Cir. 1982); *Ivey v. Board of Regents*,

8    673 F.2d 266 (9th Cir. 1982)).

9        *2. Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2)*

10        "When a defendant challenges the sufficiency of personal jurisdiction, the

11    plaintiff bears the burden of establishing personal jurisdiction over the defendant."

12    *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1194 (9th Cir. 1988) (citing

13    *Cubbage v. Merchent*, 744 F.2d 665, 667 (9th Cir. 1984), *cert. denied*, 470 U.S.

14    1005, 84 L. Ed. 2d 380, 105 S. Ct. 1359 (1985)). In responding a motion to dismiss

15    like the present motion, the plaintiff's burden is to establish a *prima facie* case of

16    personal jurisdiction over the defendant in the forum state. *Roberts v. Synergistic*

17    *Int'l, LLC*, 676 F. Supp. 2d 934, 940 (E.D. Cal. 2009) (citing *Ballard v. Savage*, 65

18    F.3d 1495, 1498 (9th Cir. 1995)). A Plaintiff may do so by demonstrating

19    sufficient evidence to support asserting jurisdiction in the venue. *Id.* at 940-941. If

20    the plaintiff succeeds in making the prima facie showing, a defendant "must

21    present a compelling case demonstrating that the presence of some other

22    considerations would render jurisdiction unreasonable." *Roberts*, 676 F. Supp. 2d

23    at 941 (citing *OMI Holding, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091

24    (10th Cir. 1998)).

25

4

## A. Plaintiff Fails to State a Claim Against Pavacic

Plaintiff has named Defendant personally in the present suit, even though Defendant personally has not engaged in any sales in California or elsewhere. Pavacic Affidavit at ¶ 4. Defendant is a certified public accountant in Virginia. Plaintiff appears to have misidentified Defendant Pavacic. The Complaint states that "On information and belief, Pavacic does business on the online marketplace Amazon under the names 'Skies The Limit' and 'TryMe.'" *See* Complaint at ¶ 2. Plaintiff's belief is incorrect. To the extent any party is properly named in this case, it would be J&A Marketing, LLC. *See* Pavacic Affidavit at ¶ 5.

Defendant is not personally authorized to do business in California, and does not advertise any goods or services in California. *Id.* at ¶ 6, 8. He has never contracted to supply goods or services in California, and does not solicit business, engage in any other persistent course of conduct, or derive substantial revenue in California. Furthermore, Defendant has never caused tortious injury by an act or omission in California. Therefore, any allegations by Plaintiff of sales of an allegedly infringing product are wrongfully made against Defendant. Plaintiff has failed to state a claim against Defendant Pavacic.

## B. Plaintiff Has Not Established Personal Jurisdiction over Defendant in California

In order for a court to exercise personal jurisdiction over a nonresident defendant, the plaintiff must show that the defendant has "minimum contacts" with

the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific. *See Leibman v. Prupes*, 2015 U.S. Dist. LEXIS 25906 (C.D. Cal. March 2, 2015). To apply general jurisdiction, a defendant must have "continuous and systematic contacts" with the forum state. *Id*. A forum state may exert specific jurisdiction over a defendant if it has 1) "purposefully directed" its activities at the forum or its residents, and 2) if the cause of action arises out of those directed activities. *Id*. When determining specific jurisdiction in tort, the court asks whether the foreign defendant "purposefully directed" its activities at the forum state. *See Wine Bottle Recycling, LLC v. Niagara Sys. LLC*, 2013 U.S. Dist. LEXIS 37273 (N.D. Cal. March 18, 2013) (citing *Yahoo! Inc. v. La Lique Contre Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006)). In contract cases, the court asks whether the defendant has "purposefully availed" itself of conducting business in the forum state. *See Wine Bottle Recycling*, 2013 U.S. Dist. LEXIS 37273 (citing *Yahoo!*, 433 F.3d at 1206).

*1. Defendant has not purposefully directed activities at the forum state or purposefully availed himself of acting in the forum.*

Defendant did not commit an intentional act in California sufficient to establish personal jurisdiction here. Defendant never personally sold goods to California consumers. Pavacic Affidavit at ¶ 4, 11. Defendant does not advertise in California, and has never contracted to supply services or goods in California. *Id*.

at ¶ 9. Furthermore, Defendant has never caused tortious injury by an act or omission in California, and does not solicit business, engage in any other persistent course of conduct, or derive substantial revenue in California. *Id.* at ¶ 10-11.

*2. Defendant's activities in the forum state do not give rise to the cause of action.*

As explained in detail, above, Defendant has absolutely no jurisdictional activities in California. Because Defendant does not engage in any activities that could possibly give rise to personal jurisdiction, jurisdiction is improper.

**C. Exercise of Personal Jurisdiction over Defendant Would Offend Traditional Notions of Fair Play and Substantial Justice.**

Even in the rare case where personal jurisdiction may be possible under the long arm statute, the exercise of jurisdiction over Defendant would far exceed the bounds of the Due Process clause. In seeking jurisdiction over a defendant, a plaintiff must show 'minimum contacts' between the defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945)). In evaluating these notions, courts must insure that "the Defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980)). Therefore, in determining whether it may exercise jurisdiction over a non-resident defendant, this Court must consider:

The burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its

1    determination "the interstate judicial system's interest in obtaining the

2    most efficient resolution of controversies; and the shared interest of

3    the several States in furthering fundamental substantive social

4    policies."

5    *Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 105, 107*

6    *S.Ct. 1026, 1028 (1987)* (*quoting World-Wide Volkswagen*, 444 U.S. at 292).

7    Because Defendant's presence in the purported forum state is so minimal,

8    adjudicating a claim against Defendant in California is unreasonable and

9    inconsistent with principles of "fair play and substantial justice."

10       *1. Defending Plaintiff's Claims in California Would Be Burdensome*

11       Defendant is based in Virginia. *See* Pavacic Affidavit at ¶ 2. The expense

12   and burden of traveling the almost 2,600 miles from Virginia to appear in this

13   forum, likely several times, will be immense. *Id*. at ¶ 12. Expending such funds on

14   merely accessing the forum to defend itself, Defendant would be placed at a severe

15   disadvantage in comparison to the Plaintiff, whose principal place of business

16   operations are in California. *See* Compl. at ¶ 1. This burden is made all the more

17   unreasonable when compared to the nominal amount of sales enjoyed by

18   Defendant, who turns a minimal profit. On the other hand, Plaintiff is a "multi-

19   million dollar leader in the travel product industry" and would be far less burdened

20   by the demands of travelling across the country to litigate its claims. *See* Compl. at

21   ¶ 8. The burden imposed upon the Defendant to litigate in California is so severe

22   and comparatively unfair that it would rise to the level of a violation of due

23   process.

24

25
                                                8

1        *2.  Plaintiff's Interest in Convenience Does Not Outweigh Goals of Fair*

2        *Play and Substantial Justice*

3        Though trying the case in California would be more convenient for the

4 Plaintiff, exercising jurisdiction over a defendant must not "offend traditional

5 notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. The costs

6 imposed upon a Defendant that enjoys only minimal profits from sales would be

7 severe if the instant case is heard in California, placing the Defendant at a real and

8 significant disadvantage as compared to the corporate Plaintiff. Such an immense

9 burden offends the traditional notions of fair play and outweighs the Plaintiff's

10 interests in trying its claims in a forum that is exclusively convenient to its

11 interests.

12        *3. Trying Plaintiff's Case in California Would Cause Inefficiency*

13        Trying a case against Defendant would cause substantial judicial

14 inefficiency. Defendant would be required to travel long distances to a jurisdiction

15 in which he has absolutely no interests, commercial or otherwise. Trying the case

16 in a forum so distant from all operations of the Defendant is likely to increase

17 inefficiency and slow the judicial process unnecessarily. This factor increases the

18 unreasonableness of exercising personal jurisdiction in a California court.

19        *4. Numerous States Bear Interest in Adjudicating this Matter*

20        The Supreme Court has explained that there is "shared interest of the several

21 States in furthering fundamental substantive social policies." *Asahi Metal Indus.*

22 *Co.*, 480 U.S. at 105. California, in this case, perhaps bears an interest in

23 adjudicating cases that protect its residents and businesses from infringement of

24 their intellectual property. However, Virginia, the home state of the Defendant,

25

1    likewise has an interest in the same. California does not have any interest that is

2    substantially superior to Virginia, or any other state, in adjudicating this case. This

3    final factor again weighs in favor of a finding that jurisdictional "substantial

4    justice" cannot be established in this Court.

5          **D. Venue is not Proper in this District**

6          Even if the Court were to find that it has personal jurisdiction over

7    Defendant, the Court should nonetheless dismiss this case because venue is

8    improper in this district. Plaintiff's Complaint states that venue is proper pursuant

9    to 28 U.S.C. § 1391. *See* Compl. at ¶ 6. Section 1391(b) states that, in cases where,

10   as here, jurisdiction is premised on diversity, venue is proper only in:

11         (1) a judicial district where any defendant resides . . . , (2) a judicial district

12         in which a substantial part of the events or omissions giving rise to the claim

13         occurred, . . . or (3) a judicial district in which any defendant is subject to

14         personal jurisdiction . . . , if there is no district in which the action may

15         otherwise be brought.

16         28 U.S.C. § 1391(b).  None of those three alternatives are met in this case.

17   As a natural person, Defendant is deemed, pursuant to Section 1391(c), to reside in

18   the judicial district in which he is domiciled. Defendant is domiciled in Virginia,

19   and therefore resides in Virginia. Furthermore, as discussed above, a substantial

20   part of the events giving rise to the claim did not occur in California, and

21   Defendant is not subject to personal jurisdiction in California. Accordingly, this

22   case should be dismissed for improper venue.

23

24

25
                                              10

**CONCLUSION**

Defendant should be dismissed because he is not a properly named party, and Plaintiff can allege no facts that indicate that he is properly named in the suit. Alternatively, Plaintiff's claims are appropriately dismissed for lack of personal jurisdiction.


Respectfully submitted,

/s/ Eric J. Menhart
Eric J. Menhart, Esq. *
* *Pending admission Pro Hac Vice*

/s/ Alan Goldberg
Alan Goldberg, Esq.
*Attorney to be Noticed*

Attorneys for Defendant